## Martin Joyce, Plff. in Err., *v.* T. A. Lynch.

Upon the evidence as printed on behalf of plaintiff in error, a judgment for plaintiff in ejectment, affirmed.

(Decided January 4, 1886.)

Error to the Court of Common Pleas, No. 2, of Allegheny County, to review a judgment for plaintiff in ejectment. Affirmed.

By an instrument of writing dated January 10, 1883, A. M.

NOTE.—Specifications of error will not be considered which are based on testimony which the appellant has neglected to fully present in his paper books.    Brooks v. First Presby. Church, 135 Pa. 137, 19 Atl. 817.    Assignments of error to the admission or rejection of testimony should show the testimony adduced, or proposed to be adduced.    Battles v. Sliney, 126 Pa. 460, 17 Atl. 620.

McClure leased to T. A. Lynch a certain stone quarry. Subsequently, one Martin Joyce entered upon and worked the quarry, thereby excluding Lynch from the possession and enjoyment of it. Thereupon Lynch brought ejectment against Joyce to recover the premises and damages. Joyce claimed the right and title to the quarry under the following writing:

May 20, 1883.

Mr. Lynch, I have made arrangements with Martin Joyce to take out stone exposed. Coultersville. A. M. McClure.

Verdict and judgment passed for the plaintiff, and the defendant took this writ assigning the following errors:

The court erred:

1. In refusing to charge: "That, under the lease of January 10, 1883, between A. M. McClure and the plaintiff, if the jury believe plaintiff failed to quarry, or pay rent as in said lease provided, monthly, and failed so to do till McClure gave possession of part of the premises to defendant, that amounted to an exercise of McClure's right of entry, and defendant had full authority to so enter, and the plaintiff cannot recover in this action."

2. In refusing to charge: "That if the court refuse to charge as above requested, then on the question of damages, if the plaintiff suffered no pecuniary loss in the premises, the most the jury can award him is nominal damages, if they find he has sustained any damages by reason of defendant's excavation, under the circumstances."

3. In sustaining objections to the following offer of evidence: "Defendant's counsel propose to prove by this witness and other witnesses that the lease obtained from McClure by Lynch on January 10, 1883, was obtained by the false representations that he had a contract with the Pittsburgh, McKeesport, & Youghiogheny Railroad Company, to furnish material to be taken from said quarry for the use of that road, and that the payment of rent to McClure would be made out of the monthly estimates by the company to him on that account, when, in fact, he had no contract with that road at that or any other time; that, by reason of the false statement that he had such contract and would pay as described in the agreement, McClure was induced to make the lease to him, without which assurance

and facts he would not have made the lease to him; to be followed by evidence that he never quarried any stone there; that he never paid, or tried to pay, any rent up to the time, or about the time, that McClure granted the license to defendant to enter on his grounds and move stone and material therefrom for the use of the road, and that McClure so declared it forfeited to Lynch on May 20, 1883, as per notice of McClure to Lynch, signed by McClure, and attached to the answer of defendant in bill in equity, Lynch v. Joyce, July term, 1883, and before that date. The purpose is to show that at the time Joyce entered on the land plaintiff had no right or title there whatever."

4. In sustaining objections to the following offer of evidence: "Defendant's counsel offers to prove by the witness that Lynch never took any stone out of the quarry, and he was never prevented from taking as much stone out of the quarry as he might be able to take out by the ordinary means of quarrying."

5. In charging the jury as follows: "Well, we do not see that there is evidence for the jury to enable them to find that there was any forfeiture of the lease by nonfulfilment of the conditions, nor that McClure undertook to enter upon it until after Mr. Joyce had taken possession and had excluded Mr. Lynch. We recollect no testimony showing that Mr. McClure interfered at all, nor is there any testimony to show that Mr. Joyce had received permission from McClure until after he was there quarrying; and, if you believe the testimony, Joyce excluded Lynch from it. Of course, it is for you to say whether or not he was excluded. The court cannot say that you are to believe the witnesses. That is for the jury, but if he was excluded from the quarry, as he says,—that is, if Joyce occupied it knowing of the lease to Lynch,—he is bound to pay mesne profits as it is called."

6. In charging the jury as follows: "Now the fact of the railroad being located right alongside of it, and that it was unballasted and would need stone for ballast, is one of the important things to give any value to it," meaning the quarry.

7. In charging the jury as follows: "We have no testimony as to whether or not this was an exceptional piece of stone, or whether or not the hills all along there were full of it."

8. In charging the jury as follows: "How much was taken by blasting for the purpose of getting the stone is for the jury to say, and how much they were fairly worth, under all the evi-

dence, over and above the 10 cents that Lynch was to pay, is also a question for the jury, and that regardless of whether Joyce made or lost money (he intimates he lost money), and regardless of whether or not Lynch would have made or lost money if he had carried on the quarry." : .

*A. M. Watson* for plaintiff in error.

*J. E. & R. S. Kuhn* and *John S. Ferguson* (Pittsburgh) for defendant in error.

OPINION BY MR. JUSTICE GREEN :

The counsel for the plaintiff in error has printed some of his own testimony and has entirely omitted the testimony of the defendant in error. We, therefore, are disabled from verifying the allegations made in the argument respecting the testimony which is not printed.

We must assume the entire correctness of whatever the learned court below said about the evidence, which does not appear in the paper book.

The court refused to affirm the defendant's first point "for want of evidence to show any attempt to forfeit the lease on re-entry by McClure after the defendant Joyce had taken possession of the quarry and excluded the plaintiff."

As the evidence is not all printed, it is impossible for us to say there was any error in this answer. Joyce does admit that Lynch came to the quarry and wanted to have possession a number of times while he, Joyce, was in possession and taking away material, and that he offered Lynch $20 to get rid of him.

As we are not referred to any testimony showing any attempt by McClure to forfeit the lease before this, we are bound to infer that the answer of the court to the defendant's first point was entirely correct. As to the second assignment, it was, of course, correct for the court to say that the question of damages was for the jury.

In regard to the third assignment, it must be said that Joyce admits that Lynch came to the premises and told him of his lease from McClure, and said he wanted to go to work in April or about May 1, and, as this was several weeks before the notice of May 20, it is difficult to see the relevancy of the rejected offer of proof covered by this assignment.

Suppose the lease was procured from McClure by false representations made by Lynch in regard to his having a contract with the railroad company, that circumstance did not of its own force invalidate the lease.

It would seem that McClure did not regard it as avoided until May 20, 1883, but Joyce was in possession a considerable time before that and refused to give Lynch possession, and, as between them, the manner in which the lease was obtained from McClure was quite immaterial, unless McClure himself, on that very account, sought to avoid it prior to possession taken by Joyce; and of this there is no evidence.

There is no merit in the fourth assignment. As Lynch did not have possession because Joyce did have it, of course he could not take out stone, and he certainly was not bound under the lease to accept a divided possession.

So far as the evidence is printed, it confirms the correctness of the remarks of the court covered by the fifth assignment. If the unprinted testimony tends to prove any different result, it is the misfortune of the plaintiff in error that he has omitted it from his paper book. We suspect, however, that such is not the case.

The observation made by the learned judge, to which exception is taken by the sixth assignment, is nothing but a truism, and we cannot regard it as misleading in any sense.

It is impossible to understand how the defendant could be harmed by the language covered by the seventh assignment.

The only matter of doubt suggested by it was one which would, if adopted by the jury, have tended to diminish the damages, and the language of the court indicated a solution of the doubt tending unfavorably to the plaintiff. Th eighth assignment relates to the subject of damages; and, as the court in this portion of the charge allowed only the lowest measure of damages which the plaintiff was entitled to recover, if at all, the defendant was benefited instead of harmed by the instruction given.

Judgment affirmed.